IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTOPHER M. SYMONDS                                                                    PLAINTIFF

vs.                                            Civil No. 2:13-cv-02070

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Christopher M. Symonds ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability benefits, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

Plaintiff protectively filed his disability applications on March 15, 2010. (Tr. 12, 175-185). Plaintiff alleges being disabled due to a severe head injury, lower back trauma, bone deficiency, post-traumatic stress disorder, and deafness in his left ear. (Tr. 224). These applications were denied initially and again upon reconsideration. (Tr. 80-83).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing

request was granted. (Tr. 98-112). Plaintiff's administrative hearing was held on October 4, 2011 in Fort Smith, Arkansas. (Tr. 33-79). At this hearing, Plaintiff was present and was represented by counsel, Kevin Holmes. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Sarah Moore testified. *Id.* Plaintiff testified he was thirty-four (34) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 38). Plaintiff also testified he began–but did not complete–the eleventh grade in high school. (Tr. 38).

On November 30, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for disability. (Tr. 9-24). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2013. (Tr. 14, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 10, 2010, his alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with chronic lower back pain, dysthymic disorder, and opioid dependence in partial remission. (Tr. 14-15, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only occasionally climb,

> balance, stoop, kneel, crouch and crawl. In addition, the claimant can perform work where interpersonal contact is incidental to work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 22, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 10). In making this determination, the ALJ relied upon the testimony of the VE. *Id.*

Specifically, based upon that testimony and considering all of Plaintiff's limitations, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as Assembler with 950 such jobs in Arkansas and 108,500 such jobs in the United States; machine tender with 1,200 such jobs in Arkansas and 85,900 such jobs in the United States; and inspector with 1,000 such jobs in Arkansas and 69,800 such jobs in the United States. (Tr. 23). Based these findings, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 10, 2010 through the date of his decision or through November 30, 2011. (Tr. 23, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4). On January 8, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-3). On March 7, 2013, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10, 13. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In his appeal brief, Plaintiff raises four issues for reversal: (1) the ALJ erred by failing to fully and fairly develop the record in this case; (2) the ALJ erred at Step Two of the Analysis by finding his hearing loss was non-severe; (3) the ALJ erred at Step Three of the Analysis by finding his impairments were not of listing-level severity; and (4) the ALJ erred in his RFC determination. ECF No. 10 at 5-18. Because the Court finds the ALJ erred by summarily finding Plaintiff's left-ear deafness was a non-severe impairment, the Court will only address Plaintiff's second argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that

5

do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with chronic lower back pain, dysthymic disorder, and opioid dependence in partial remission. (Tr. 14-15, Finding 3). In his applications, Plaintiff alleged being disabled due to the following: a severe head injury, lower back trauma, a bone deficiency, post-traumatic stress disorder, and deafness in his left ear. (Tr. 224). Notably, although Plaintiff alleged being disabled due to left-ear deafness, the ALJ did not find Plaintiff's left-ear deafness was a severe impairment. (Tr. 14-15, Finding 3). The ALJ even specifically addressed this issue in his opinion and relied upon one of Plaintiff's medical records (Exhibit 17F) in determining Plaintiff's deafness was a non-severe impairment:

> The claimant also alleges left ear deafness. However, there is no indication in the medical evidence of record that this condition imposes more than minimal limitations on the claimant's ability to perform basic work activities. In addition, a recent examination of the claimant revealed that he can hear normal conversion (Exhibit 17F). Therefore, this condition is not severe within the meaning of the regulations.

(Tr. 15).

The Court has reviewed Exhibit 17F, which is a consultative examination completed by Dr. Chester Lawrence Carlson, D.O., on October 24, 2011. (Tr. 427-431). In this report, Dr. Carlson noted Plaintiff is "deaf in left ear." (Tr. 427). Dr. Carlson also checked a box indicating Plaintiff "hears normal conversation" but did not elaborate further on this issue. (Tr. 429). Indeed, in this report form, there is a blank for "Estimated % auditory loss if detected," and Dr. Carlson did even report any finding in this box. *Id.* Dr. Carlson did not provide any other opinions in his report related to Plaintiff's auditory loss or how Plaintiff's left-ear deafness might impact him his ability to work. *Id.*

Despite the fact Plaintiff had been diagnosed with left-ear deafness and the obvious fact this form did not completely outline Plaintiff's limitations due to his left-ear deafness, the ALJ still based his Step Two determination upon this report. This was improper. Based upon Plaintiff's medical records, he has demonstrated he is deaf in his left ear. (Tr. 427). Plaintiff also testified at the administrative hearing in this matter that his left-ear deafness more than minimally impacts him in his ability to work. (Tr. 47-49). Based upon these facts, the Court finds the ALJ erred when he found Plaintiff's left-ear deafness was a non-severe impairment. Accordingly, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887 (finding the failure to assess an impairment as severe at Step Two of the Analysis was not "harmless error").

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 22nd day of April 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE